```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION


MARY TERRELL TROTTER, INDIVIDUALLY,
AND AS NEXT FRIEND AND MOTHER OF
JERRI C. WINDHAM                                    PLAINTIFF


VS.                             CIVIL ACTION NO. 4:05CV134LN


ELI LILLY AND JASPER
COUNTY HEALTH DEPARTMENT                           DEFENDANTS
```

<u>MEMORANDUM OPINION AND ORDER</u>

There are pending before the court a motion to remand filed by plaintiff Mary Terrell Trotter, individually and as next friend and mother of Jerri C. Windham, and a motion to dismiss filed by defendant Jasper County Health Department.  Having considered the memoranda of authorities, together with attachments, submitted by the parties, the court first concludes that plaintiff's motion to remand should be denied and further concludes that Jasper County Health Department's motion to dismiss should be granted.

Mary Terrell Trotter filed this suit in state court for herself and on behalf of her minor child, Jerri Windham, alleging that the child suffered toxic mercury poisoning as a result of receiving vaccines containing the preservative Thimerosal.  In addition to suing Eli Lilly, which manufactures Thimerosal, plaintiff sued the Jasper County Health Department (JCHD), alleging it was negligent in administering the vaccines when it

knew or should have known of the risks posed by the Thimerosal in the vaccines and that it misrepresented the safety of the vaccines and/or concealed the risks associated with the Thimerosal in the vaccines.

Eli Lilly timely removed the case on the basis of diversity jurisdiction, asserting that JCHD was improperly joined on account of the tort suit ban imposed by the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1, and/or based on JCHD's Eleventh Amendment immunity.

"The Vaccine Act is a remedial program designed to provide swift compensation for persons injured by vaccines, while ensuring that the nation's supply of vaccines isn't unduly threatened by the costs and risks of tort litigation." Moss v. Merck & Co., 381 F.3d 501, 503 (5th Cir. 2004).  "To that end, victims of a 'vaccine-related injury or death,' as that term is defined in 42 U.S.C. § 300aa-33(5), are barred from seeking redress in the courts unless they have first filed a claim for recovery in a specialized Vaccine Court." Id.  The Vaccine Act declares that "[n]o person may bring a civil action . . . against a vaccine administrator or manufacturer in a state or federal court for damages arising from a vaccine-related injury or death . . . unless a petition has been filed" first in the Court of Federal Claims.  42 U.S.C. § 300aa-11(2)(A).  It further states that if a claimant files such a suit "in a State or Federal court" prior to

petitioning the Court of Federal Claims, such state or federal court "shall dismiss the action." 42 U.S.C. § 300aa-11(a). Here, it is undisputed that JCHD is a "vaccine administrator." It would appear, as well, that plaintiff is seeking damages arising from a "vaccine-related injury." Plaintiff argues, however, that such is not the case and that the claims in her complaint, or at least some of them, are not covered by the Vaccine Act, and hence are not subject to the Act's tort suit ban. In this vein, she first declares that her claims are not for "vaccine-related injuries" because "it is not the vaccination per se, but rather the preservative that caused the minor's injury," and that the Vaccine Act thus has no applicability. Similar arguments have been made and consistently rejected by this court and others, including the Fifth Circuit. See, e.g., Holder v. Abbott Laboratories, Inc., 2006 WL 728028, *3 (5th Cir. Mar. 23, 2006) (stating "[t]here can be no doubt that . . . defendants who allegedly administered vaccines (containing Thimerosal) come within section 300aa-11(a)" (the tort suit ban). She next points out that she has asserted a negligence claim, which alleges that JCHD breached its duty to warn her of the potential neurological injuries that could result from exposure to Thimerosal, and a fraud claim, which is similarly based on JCHD's alleged failure to warn of the risks of Thimerosal exposure. Yet plaintiff does not suggest any possible basis for concluding that the former claim is somehow exempt from the

3

Vaccine Act's tort suit ban, and it clearly is not.  See <u>McDonal v. Abbott Laboratories</u>, 408 F.3d 177, 180-81 (5th Cir. 2005) (concluding that Vaccine Act's tort suit ban applied to plaintiffs' claim for medical malpractice against medical providers predicated on a theory of failure to warn of the inherent dangers embedded in potential side effects stemming from Thimerosal-containing vaccines and a failure to recommend Thimerosal-free vaccines).  Moreover, the case plaintiff relies on in support of her assertion that the latter claim falls outside the coverage of the Vaccine Act, <u>Cook v. Children's Medical Group, P.A.</u>, 756 So. 2d 734, 743 (Miss. 2000), lends no support to her position.  The court in <u>Cook</u> did state that "intentional fraudulent misrepresentation is beyond the purview of the Vaccine Act."  However, the fraud claim in <u>Cook</u> is distinguishable from the fraud claim here presented, a fact which this court expressly recognized in <u>Ross v. Aventis-Pasteur, Inc., et al</u>, Civ. Action No. 3:02CV1624LN (S.D. Miss. 2003), when it rejected the plaintiff's argument that her fraud claim, based on the same failure to warn of risks of Thimerosal exposure as here asserted, was subject to the Vaccine Act's tort suit ban.  The court stated:

> <u>Cook</u>, in contrast to this case, involved the medical providers' alleged post-vaccination fraud in misrepresenting that the child's condition was normal and was not potentially connected to the vaccine and in altering medical records to cover up the link, as a result of which the plaintiff faced the possibility that her claim for compensation under the Vaccine Act would be time-barred.  Plaintiff's allegation here is simply

4

>    that the medical providers failed to disclose that the
>    vaccines containing thimerosal were potentially unsafe
>    and/or misrepresenting the safety of the vaccines.  This
>    is quintessentially an allegation of medical negligence,
>    not fraud.

Id.

Trotter finally argues that even if the Vaccine Act would prevent her from pursuing claims on behalf of the minor child, it does not apply to her own claims for damages in her capacity as the parent of a child with a vaccine-related injury.  In this, she is correct, in part.  In Moss v. Merck and Co.,, the Fifth Circuit observed that under the provisions of the Vaccine Act, a claim could be filed under the Act only by one who had "received a vaccine set forth in the Vaccine Injury Table or, if such person did not receive such a vaccine, contracted polio, directly or indirectly, from another person who received an oral polio vaccine."  381 F.3d at 505 (citing 42 U.S.C. § 300aa-11(c)(1)(A)).  It concluded that because the parent plaintiffs did not satisfy this requirement, i.e., they had not received a vaccine, they were ineligible to file a petition under the Vaccine Act and consequently, "the Vaccine Act's restriction on the filing of tort suits [did] not apply to them," id., or rather applied to them only to the extent they were filing a claim in their capacity as their daughter's legal representatives, and only to seek redress of her injuries, id. at 505 n.4.  The court further concluded that "[b]ecause the Vaccine Act neither provide[d] a mechanism for [the

5

parents'] recovery on a loss of consortium suit, nor openly bar[red] their right to pursue remedies afforded by state tort law, the [parents] [could] pursue their claims." Id.  The court thus held that if state law permitted the type of claim sought to be asserted by the parents, i.e., loss of consortium, something "about which [the court] express[ed] no opinion[,]" the Vaccine Act was not a bar to the parents' suit.  Id.

Eli Lilly submits that certain of the damages which Trotter purports to seek in her individual capacity are, in fact, covered by the Vaccine Act, and hence subject to the tort suit ban.  As to other categories of her claimed damages, Eli Lilly argues that Moss has no effect on whether JCHD has been improperly joined in this case because Mississippi law does not recognize the types of parent claims asserted by Trotter.  Defendant is correct on both points.

In that section of her complaint in which Trotter sets out the damages she seeks to recover for herself, apart from those she seeks to recover on behalf of her daughter, she lists emotional distress damages, hedonic damages, damages for loss of consortium, punitive damages, costs and expenditures "necessitated by the mercury (Thimerosal) poisoning" of the minor plaintiff, and loss of income and earning capacity of the minor plaintiff.  Trotter's claim for costs and expenditures allegedly necessitated by the mercury poisoning of the minor plaintiff, as well as lost income,

6

are recoverable under the Vaccine Act, whether brought by the parent individually or brought on behalf of the minor. See 42 U.S.C. § 300aa-15(a)(1)(A). As Trotter may pursue those claims under the Vaccine Act, she is barred from doing so here.

The remaining damages she seek are not recoverable under Mississippi law. In Ross, supra, this court found that the defendants had "established quite convincingly that [a parent plaintiff] ha[d] no reasonable possibility of recovery against the resident defendants on . . . her claim for recovery of her own emotional distress damages or for damages for the loss of consortium or loss of society." Civil Action No. 3:02CV1624LN, slip op. at 3-4. See Johnson v. Ford Motor Corp., 354 F. Supp. 645 (N.D. Miss. 1973) (mental anguish suffered by parent allegedly caused by latent injury to child is not compensable); see also American Bankers Ins. Co. of Fla. v. Wells, 819 So. 2d 1196, 1208-09 (Miss. 2001) (plaintiff seeking recovery of emotional distress damages resulting from negligent conduct must have suffered a physical injury or physical manifestation to recover); Butler v. Chrestman, 264 So. 2d 812, 816-17 (Miss. 1972) (parent may not recover damages for loss of society and companionship of child). Moreover, the Mississippi Supreme Court has held that "punitive and exemplary damages are not recoverable in a suit by parents for injury to a child except for seduction." Butler, 264 So. 2d at 817.

For the reasons given, the court concludes that plaintiff has no cognizable claim against JCHD in this action,[1] and that this defendant is due to be dismissed.[2]

Accordingly, it is ordered that plaintiff's motion to remand is denied, and that the Jasper County Health Department's motion to dismiss is granted.

SO ORDERED this 20th day of April, 2006.


                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE

---

[1]   As it seems that Eli Lilly is not a vaccine manufacturer but rather is a thimerosal manufacturer, the Vaccine Act is not a "common defense" within the contemplation of Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc), for the Fifth Circuit has held that the Vaccine Act does not apply to claims against Thimerosal manufacturers because Thimerosal is a vaccine component, not a vaccine or an adulterant or contaminant within the meaning of the Vaccine Act. Moss v. Merck & Co., 381 F.3d 501, 503-04 (5th Cir. 2004). See also Holder v. Abbott Laboratories, Inc., 2006 WL 728028, *3 (5th Cir. March 23, 2006) (stating that "[t]here is no requirement that redress for vaccine-related injuries against Thimerosal manufacturers be pursued in accordance with section 300aa-11(a)") (citing Moss).

[2]   Because the court concludes that the claims against JCHD are barred by the Vaccine Act's tort suit ban and/or are not cognizable under state law in any event, the court need not address defendants' immunity arguments.