#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
#### EASTERN DIVISION

**MARY TERRELL TROTTER, Individually and**
**as next friend and mother of Jerri C. Windham**                                     **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 4:05CV134LR**

**ELI LILLY**                                                                                **DEFENDANT**

#### ORDER

This matter came before the court on the Motion to Dismiss, or, in the Alternative, for a More Definite Statement, which the court construes and considers only as a Motion for a More Definite Statement. The Defendant argues that the lack of detail in the Plaintiff's Complaint fails to comply with the mandate of the Mississippi Supreme Court in *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493 (Miss. 2004). In that case, the court construed Miss. R. Civ. P. 8 as requiring, in a case involving 264 plaintiffs and 137 defendants, that a complaint not be filed until counsel obtained sufficient information to indicate "that *each plaintiff* has an appropriate cause of action to assert against a defendant in the jurisdiction where the complaint is to be filed." *Id*. at 494.

Having reviewed the pleadings in this case, including the Complaint and the Amended Complaint, the court is of the opinion that some clarification of the Complaint is needed. However, that conclusion was reached after an application of federal, not state, law. Where jurisdiction is based upon diversity of citizenship, substantive matters are governed by state law, while procedural issues are governed by federal law. Thus, the question of whether the Complaint is procedurally adequate in this matter is governed by federal procedural law, specifically Fed. R. Civ. P. 8. *Glass Containers Corp. v. Miller Brewing Co.*, 643 F. 2d 308, 312 (5th Cir. 1981) (holding that failure to plead an affirmative defense operated as a waiver under federal law, regardless of Texas procedure

to the contrary); *Poindexter v. Bonsukan,* 145 F. Supp. 2d 800, 803 (E.D. Tex. 2001) ("As a general rule, discovery is a procedural matter governed in federal court by the Federal Rules of Civil Procedure and not by state discovery practice."). Thus, since the decision of the Supreme Court in *Hanna v. Plumer*, 380 U.S. 460 (1965),

> [I]t no longer can be doubted that the rules regarding the standard of specificity to be applied to federal pleadings, the pleadings allowed in the federal courts, the form of the pleadings, the special requirements for pleading certain matters, the allocation of the burden of pleading among the parties, and the signing of pleadings by an attorney of record or an unrepresented party, all are governed by the federal rules and not by the practice of the courts in the state in which the federal court happens to be sitting.

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1204 (3d ed. 2006).

Fed. R. Civ. P. 8 requires a complaint to contain "a short and plain" statement of the plaintiff's claim. Here, the Complaint alleges that Jerri C. Windham is a minor on whose behalf the lawsuit is brought. On specific dates from May, 1994, through April, 1995, Windham received inoculations administered by the Jasper County Health Department, an original Defendant that has been dismissed from this lawsuit. Those inoculations contained the preservative Thimerosal, a product manufactured by the Defendant that contains mercury. Windham suffers from the effects of mercury poisoning. The Plaintiff alleges that the Defendant was negligent in failing to adequately test Thimerosal or warn patients of its dangers.

The Defendant argues that the Plaintiff has failed to provide the following information:

a. each defendant's specific product(s) that Plaintiff was allegedly exposed to;

b. the time period for each alleged exposure;

c. the location of each alleged exposure; and

d. the specific injury or medical condition caused by the exposure.

The court has reviewed the Complaint, and the Plaintiff clearly states that Jerri Windham was exposed to Thimerosal manufactured by the "Thimerosal Defendant," identified in the second paragraph of the Complaint as Eli Lilly and Company. Lilly is the only Defendant remaining in this case. The Defendant argues that the Plaintiff should be required to identify the manufacturer, distributor, or seller of the Thimerosal contained in each injection received by the minor Plaintiff. However, the court is of the opinion that federal rules of pleading do not require that much detail. The Plaintiff identified the manufacturer of the material contained in every injection about which she complains. She further stated that Lilly was the largest manufacturer and/or distributor of Thimerosal in the world during the relevant time frame, and the Plaintiff believes that it supplied Thimerosal for use by those manufacturers. Information on whether Thimerosal produced by Lilly was actually a component of those injections is not likely to be available to the Plaintiff except through the discovery process. The court finds, therefore, that the identification of the specific product at issue and its relationship to the Defendant is adequate.

With regard to the time of exposure, in the sixth paragraph of the Complaint, the Plaintiff alleges that her child was injected with Thimerosal "during the time frame of May 1994 to April 1995." However, later in the Complaint, she states that her daughter was injected "on or about October 1999." Therefore, the dates on which the minor Plaintiff was exposed to Thimerosal are not clear from the Complaint, and an Amended Complaint will be required to clarify that issue. As to the location of each alleged exposure, the Complaint says that Windham was injected "by the Medical Defendant," which was the Jasper County Health Department. This is sufficient identification. Finally, the Defendant complains that the Plaintiff has not identified the specific condition from which the minor suffers as an alleged result of her exposure to Thimerosal. The

3

Complaint only refers to "neurological effects." The court agrees that more specificity is in order, and the Plaintiff will be required to amend her Complaint to provide more details as to the minor's condition.

IT IS, THEREFORE, ORDERED that the Defendant's Motion to Dismiss, or, in the Alternative, for a More Definite Statement is hereby construed only as a Motion for a More Definite Statement and **granted** in part and **denied** in part as explained above. The Plaintiff shall file and serve an Amended Complaint, to contain the information described in this Order, on or before August 21, 2006.

IT IS SO ORDERED, this the 2nd day of August, 2006.

                                                                          S/John M. Roper
                                      UNITED STATES MAGISTRATE JUDGE